UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LINDA MATTHEWS,

                              Plaintiff,

v.                                                  6:03-CV-0205
                                                    (LEK/GHL)

JO ANNE B. BARNHART, Commissioner of
Social Security,

                              Defendant.

---

APPEARANCES:                                        OF COUNSEL:

EMPIRE JUSTICE CENTER                               LOUISE M. TARANTINO, ESQ.
*Counsel for Plaintiff*
119 Washington Avenue, 2nd Floor
Albany, New York 12210

HON. GLENN T. SUDDABY                               WILLIAM H. PEASE, ESQ.
United States Attorney for the                      Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION[1]

### I.    BACKGROUND

####    A.    Procedural History

Plaintiff filed an application for disability insurance benefits ("DIB") on June 21, 1995.

(Administrative Transcript ("T") at 283-287, Dkt. No. 14 at 6.)  The application was denied

initially and upon reconsideration.  (T. at 290-292, 304-306.)  Plaintiff requested a hearing before

---

[1] This matter was referred to me for report and recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

an Administrative Law Judge ("ALJ") which was held on April 26, 2000.  (T. at 431-458.)  On

August 22, 2000, the ALJ issued a decision finding that Plaintiff was not disabled.  (T. at 415-

425.)

Plaintiff appealed to the Appeals Council, and the ALJ's decision became the final

decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on

December 18, 2002.  (T. at 394-395.)  Plaintiff commenced this action on February 18, 2003.

(Dkt. No. 1.)

### B.      The Contentions

Plaintiff makes the following claims:

(1)      The Commissioner erred in failing to give controlling weight to the opinions of

treating sources.  (Dkt. No. 14 at 10-15.)

(2)      The Commissioner erred in finding that the Plaintiff's subjective complaints were

only partially credible.  (Dkt. No. 14 at 15-19.)

(3)      The Commissioner erred in determining that the Plaintiff was capable of light

work.  (Dkt. No. 14 at 19-20.)

(4)      The Commissioner erred in determining that the Plaintiff could return to her past

work.  (Dkt. No. 14 at 21-23.)

Defendant contends that the ALJ's decision is supported by substantial evidence and thus

should be affirmed.  Dkt. No. 16.

## II.      APPLICABLE LAW

### A.      Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or

supplemental security income benefits must establish that he is "unable to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A)

(2004).[2]  In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such
> severity that he is not only unable to do his previous work but
> cannot, considering his age, education, and work experience,
> engage in any other kind of substantial gainful work which exists
> in the national economy, regardless of whether such work exists in
> the immediate area in which he lives, or whether a specific job
> vacancy exists for him, or whether he would be hired if he applied
> for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)),

the Social Security Administration ("SSA") has promulgated regulations establishing a five-step

sequential evaluation process to determine disability.  20 C.F.R. § 404.1520 (2005).  "If at any

step a finding of disability or non-disability can be made, the SSA will not review the claim

further."  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the
> claimant shows that he is not working at a "substantial gainful
> activity."  [20 C.F.R.] §§ 404.1520(b), 416.920(b).  At step two,
> the SSA will find non-disability unless the claimant shows that he
> has a "severe impairment," defined as "any impairment or
> combination of impairments which significantly limits [the
> claimant's] physical or mental ability to do basic work activities."
> [20 C.F.R.] §§ 404.1520(c), 416.920(c).  At step three, the agency

---

[2] As of September 25, 2003, revisions were made to certain sections of the Code of Federal Regulations ("CFR"); the revisions, however, have no effect on the outcome of this Report and Recommendation.

> determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies.  [20 C.F.R. §§] 404.1520(d), 416.920(d).  If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.[]  If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.[]  [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps.  *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003).  If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy.  *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25; other citations omitted).

## B.     Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision.  *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be

supported by substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth

the crucial factors justifying his findings with sufficient specificity to allow a court to determine

whether substantial evidence supports the decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d

Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the

determination of whether there is substantial evidence in the record to support the decision.  42

U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial

evidence has been defined as 'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'"  *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258

(2d Cir. 1988) (citations omitted).  It must be "more than a scintilla" of evidence scattered

throughout the administrative record.  *Serrano*, 2003 WL 22683342, at *10; *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197

(1938)).  "To determine on appeal whether an ALJ's findings are supported by substantial

evidence, a reviewing court considers the whole record, examining the evidence from both sides,

because an analysis of the substantiality of the evidence must also include that which detracts

from its weight."  *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its

interpretation of the administrative record for that of the Commissioner if the record contains

substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.

1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## III.   THE PLAINTIFF

Plaintiff was born on February 19, 1947.  (T. at 283.)  She is a high school graduate and

previously worked as an assembly line worker, sales clerk, and waitress. (T. at 314, 322.)

Plaintiff alleges disability due to low back pain, spondylolisis, neck pain, left leg numbness, and migraines.  (Dkt. No. 14 at 3.)

## IV.     THE ALJ'S DECISION

The ALJ found that: (1) Plaintiff had not engaged in any substantial gainful activity since the alleged onset date; (2) Plaintiff had severe degenerative and discogenic disorders of the spine, but they did not meet or equal a listed impairment; (3) Plaintiff's allegations of disabling symptoms were not fully credible; (4) Plaintiff had the residual functional capacity ("RFC") to perform the requirements of work, except for lifting more than twenty pounds occasionally or ten pounds frequently, bending and stooping more than occasionally, working near unprotected heights, and performing any work which does not allow her to alternate sitting and standing positions at three hour intervals; and (5) Plaintiff could perform her past relevant work as an electronic assembler.  (T. at 424-425.)  Thus, the ALJ concluded that Plaintiff was not disabled.

## V.     DISCUSSION

### A.     The Commissioner Erred in Failing to Give Controlling Weight to the Opinions of Treating Sources

Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinions of her treating physicians, Perry T. Shuman, M.D., and John Krawchenko, M.D.  (Dkt. No. 14 at 10-15.)  Defendant contends that the ALJ properly afforded the opinions of Drs. Shuman and Krawchenko less than controlling weight.  (Dkt. No. 16 at 4-8.)  The ALJ found that although treating physicians Drs. Shuman and Krawchenko had stated that Plaintiff was disabled, their treatment notes did not support this level of limitation. (T. at 422.)

The medical opinions of a treating physician[3] are given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record.  20 C.F.R. § 404.1527(d)(2) (2005).  In *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004), the Second Circuit provided the following guidance:

> [T]he opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts.  *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (treating physician's opinion is not controlling when contradicted "by other substantial evidence in the record"); 20 C.F.R. § 404.1527(d)(2).  Here, the key medical opinions submitted by Dr. Elliott to the ALJ were not particularly informative and were not consistent with those of several other medical experts.  Thus, Dr. Elliot's opinion as the treating physician does not sustain controlling weight.

*Halloran v. Barnhart*, 362 F.3d at 32.

However, "[a]n ALJ who refuses to give controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion."  *Id.*  These factors include: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d)(2) (2005).

Plaintiff argues that because the opinions of Drs. Shuman and Krawchenko are well-

---

[3] "Treating source" is defined as one's own physician, psychologist, or other acceptable medical source who provides medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with the patient/plaintiff/claimant.  20 C.F.R. § 404.1502 (2005).

supported by and are not inconsistent with substantial medical and non-medical record evidence, the ALJ should have afforded their opinions controlling weight. (Dkt. No. 14 at 10-15.) In addition, Plaintiff further contends that upon consideration of the six factors listed above, the opinions of Drs. Shuman and Krawchenko should have been given controlling weight. (*Id.*)

As stated above, an ALJ may give less than controlling weight to a treating physician, provided that the ALJ explain his decision. *Kearney v. Barnhart*, Civ. No. 05-1860, 2006 WL 1025307, at *7 (E.D.N.Y. Apr. 17, 2006). *See also* 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating sources' opinion."). In the instant case, the ALJ's decision fails to state whether he gave any weight to the opinions of Drs. Shuman and Krawchenko, and if he did give their opinions some weight, what that weight was. Furthermore, although the ALJ listed some of Plaintiff's visits with Drs. Shuman and Krawchenko and stated that their treatment notes did not support the limitation that Plaintiff was disabled, the ALJ did not discuss all of the factors set forth in 20 C.F.R. § 404.1527(d)(2). For example, the ALJ failed to discuss the length of Plaintiff's treatment relationship and the frequency of examinations. Additionally, the ALJ failed to consider whether Dr. Krawchenko was a specialist. Nor did the ALJ discuss the nature and extent of Plaintiff's treatment relationship with Drs. Shuman and Krawchenko.

In *Rivera v. Barnhart*, the Court found that despite the ALJ's "detailed reason for not giving Dr. Romero's opinion controlling weight, the ALJ failed to follow the regulation's requirements. First the regulation states that '[w]hen we do not give the treating sources's opinion controlling weight, we apply [various factors] in determining the weight to give the opinion.'" *Rivera v. Barnhart*, Civ. No. 04-6149, 2005 WL 3555501, at *8 (W.D.N.Y. Dec. 9,

2005).  *See also Kearney*, 2006 WL 1025307, at *7 (where the Court remanded the matter

because the ALJ had an obligation to apply the treating physician rule, but failed to do so, and

did not explain her decision not to give the treating physician's opinion controlling weight) and

*Rivera v. Barnhart*, Civ. No. 03-10127, 2006 WL 786844, at *6 (S.D.N.Y. Mar. 27, 2006)

(where the Court remanded the matter for the ALJ's failure to "explain his reasons for rejecting

[the treating physician's] opinion and crediting instead that of the medical consultant") (citing 20

C.F.R. § 404.1527(d)(2)).

Similarly, in this case, the ALJ did not discuss all of the factors set forth in 20 C.F.R. §

404.1527(d)(2) and the ALJ failed to specifically state what weight, if any, he gave to the

opinions of Plaintiff's treating sources.  Accordingly, remand is recommended.

**B.      The Commissioner Did Not Err in Finding That the Plaintiff's Subjective
         Complaints Were Only Partially Credible**

"An [ALJ] may properly reject [subjective complaints] after weighing the objective

medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must

set forth his or her reasons 'with sufficient specificity to enable us to decide whether the

determination is supported by substantial evidence.'"  *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651

(N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5

(S.D.N.Y. Mar. 25, 1999)).  To satisfy the substantial evidence rule, the ALJ's credibility

assessment must be based on a two-step analysis of pertinent evidence in the record.  20 C.F.R. §

404.1529 (2005); *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5

(N.D.N.Y. Mar. 3, 1998).  First, the ALJ must determine, based upon the claimant's objective

medical evidence, whether the medical impairments "could reasonably be expected to produce

the pain or other symptoms alleged . . . ."  20 C.F.R. § 404.1529(a) (2005).  Second, if the

medical evidence alone establishes the existence of such impairments, then the ALJ need only

evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the

extent to which they limit the claimant's capacity to work.  20 C.F.R. § 404.1529(c) (2005).

When the objective evidence alone does not substantiate the intensity, persistence, or

limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's

subjective complaints by considering the record in light of the following symptom-related

factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of

claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness,

and side effects of any medication taken to relieve symptoms; (5) other treatment received to

relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other

factors concerning claimant's functional limitations and restrictions due to symptoms.  20 C.F.R.

§ 404.1529(c)(3) (2005).  An ALJ's evaluation of a plaintiff's credibility is entitled to great

deference if it is supported by substantial evidence.  *Murphy v. Barnhart*, Civ. No. 00-9621, 2003

U.S. Dist. LEXIS 6988, at *29-*30 (S.D.N.Y. Jan. 21, 2003) (citing *Bischof v. Apfel*, 65 F. Supp.

2d 140, 147 (E.D.N.Y. 1999) and *Bomeisl v. Apfel*, Civ. No. 96-9718, 1998 U.S. Dist. LEXIS

11595, at *19 (S.D.N.Y. July 30, 1998) ("Furthermore, the ALJ has discretion to evaluate a

claimant's credibility . . . and such findings are entitled to deference because the ALJ had the

opportunity to observe the claimant's testimony and demeanor at the hearing.")).

In his decision, the ALJ stated that "the objective medical evidence does not provide a

basis for finding limitations greater than those determined in this decision.  In addition . . . the

claimant's allegations of disabling symptoms and limitations cannot be accepted . . . ."  (T. at

421.)  Since the ALJ found that Plaintiff's "allegations of disabling symptoms and limitations

[were] not fully credible" (T. at 424), it was incumbent on the ALJ to then assess the factors set

forth in 20 C.F.R. § 404.1529(c)(3), which he did.  The ALJ reviewed and discussed the

medications Plaintiff took, the treatment she received, her symptoms, daily activities, and

measures taken to relieve the symptoms.  (T. at 420-422.)  Thus, the ALJ's findings are entitled to

deference and the Court declines to recommend remand on this ground.

> **C.** **The Commissioner Erred in Determining That the Plaintiff Was Capable of Light Work**

On April 25, 1994, a chiropractor, Gary D. Hosey, D.C.,[4] completed a "Work Restriction

Evaluation" form.  (T. at 231.[5])  Dr. Hosey opined that Plaintiff could sit and stand for five hours

a day, walk for six hours a day, lift for two hours a day, and squat for one hour a day.  (T. at 231.)

However, Plaintiff could not bend, climb, kneel, or twist for any amount of time.  (*Id.*)  Dr.

Hosey stated that Plaintiff had no restrictions regarding the use of her hands, could intermittently

reach or work above the shoulder, and could use her feet to operate foot controls or for repetitive

movement.  (*Id.*)  Dr. Hosey remarked that Plaintiff had no cardiac, visual, or hearing limitations.

(*Id.*)  He also opined that Plaintiff could work four to six hours daily, and stated that Plaintiff

could lift fifteen to twenty pounds on an infrequent basis, and less than ten pounds on an

occasional basis.  (*Id.*)  Furthermore, Plaintiff's employment "should consist of intermittent

---

[4] The SSA "need[s] evidence from acceptable medical sources to establish whether [a claimant] h[as] a medically determinable impairment(s)."  20 C.F.R. § 404.1513(a) (2005).  In addition to "acceptable medical sources," evidence from "other sources" may be considered to show the severity of a claimant's impairment(s) and how it affects his/her ability to work.  20 C.F.R. § 404.1513(d) (2005).  A chiropractor is one of these "other sources."  20 C.F.R. § 404.1513(d)(1) (2005).

[5] A copy of this form appears at page 383 of the record.

sitting, standing, and walking activities." (*Id.*)

On March 29, 2000, Dr. Shuman completed a Physical RFC Assessment and opined that Plaintiff could occasionally lift and carry up to ten pounds, but never lift or carry anything heavier. (T. at 477.)  Dr. Shuman stated that Plaintiff could sit, stand, and walk for two hours total out of an eight hour work day, but only for less than a half-hour at a time without interruption. (T. at 478.)  Plaintiff's hands and feet were not affected and she could frequently use her hands for simple grasping and fine manipulation, as well as occasionally use her feet. (*Id.*)  Dr. Shuman opined that Plaintiff could never climb, stoop, crouch, kneel, or crawl, but could occasionally balance. (T. at 479.)  He also stated that she could occasionally reach and handle, and continuously hear and speak, but could never push or pull. (*Id.*)

Judith Bodnar, M.D., a non-examining agency physician, completed a Physical RFC Assessment of Plaintiff on December 12, 1995. (T. at 296-303.)  Dr. Bodnar opined that Plaintiff could occasionally lift and/or carry up to twenty pounds, and frequently lift and/or carry up to ten pounds. (T. at 297.)  Dr. Bodnar also stated that Plaintiff could sit, stand and/or walk for about six hours in an eight hour work day and had an unlimited ability to push and/or pull. (T. at 297.)  Plaintiff could also occasionally climb, balance, stoop, kneel, crouch, and crawl. (T. at 298.)  Additionally, Plaintiff had no manipulative, visual, communicative, or environmental limitations. (T. at 299-300.)

Gerald Calabrese, M.D. conducted an orthopedic examination of Plaintiff on June 18, 1996. (T. at 378-382.)  Dr. Calabrese noted Plaintiff's subjective complaints regarding her neck, low back, and hip pain, as well as her headaches. (T. at 382.)  Upon examination, objective findings showed that Plaintiff had "good strength and power throughout [her] upper and lower

extremities . . . ."  (*Id.*)

Plaintiff argues that the ALJ erred in finding that she was capable of performing the full range of light work.[6]  (Dkt. No. 14 at 19-20.)  Defendant contends that the ALJ's finding is supported by substantial evidence and should be affirmed.  (Dkt. No. 16 at 12-16.)  The ALJ found that Plaintiff's "impairments preclude only the following work-related activities: lifting more than 20 pounds occasionally or 10 pounds frequently; bending more than occasionally; stooping more than occasionally; working near unprotected heights; and performing any work which does not allow the claimant to alternate sitting and standing positions at 3 hour intervals." (T. at 417.)

In reaching this conclusion, the ALJ failed to explain the evidence that supports his finding regarding Plaintiff's RFC.  While the ALJ acknowledged that "[n]ormally a treating source carries more weight when comparing assessments of a claimants ability to perform work-related tasks . . . it is the consulting examiner [Dr. Calabrese] whose conclusions are more closely supported by the documented objective findings."  (T. at 423.)

It is notable that in reaching his conclusion regarding Plaintiff's RFC, the ALJ failed to mention the opinions of Dr. Bodnar and Dr. Hosey.  Dr. Bodnar completed a Physical RFC Assessment of Plaintiff and Dr. Hosey completed a "Work Restriction Evaluation" form.  (T. at

---

[6] Light work is defined by the CFR as:
> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (2005).

231, 296-303.)  Even though the ALJ failed to discuss the opinions of Dr. Bodnar, as contained

in the Physical RFC Assessment, it appears that the ALJ relied on those opinions as his findings

regarding Plaintiff's RFC are most similar to Dr. Bodnar's opinions.  Both the ALJ and Dr.

Bodnar found that Plaintiff could occasionally lift up to twenty pounds, and frequently lift up to

ten pounds.  Both also opined that Plaintiff could occasionally bend and stoop.

On the other hand, Dr. Shuman's opinions were more restrictive than those of the ALJ.

For example, Dr. Shuman opined that Plaintiff could never lift or carry anything heavier than ten

pounds, whereas the ALJ found that Plaintiff could lift up to twenty pounds occasionally and up

to ten pounds frequently.  Additionally, Dr. Shuman stated that Plaintiff could never bend or

stoop, and the ALJ found that Plaintiff could occasionally bend or stoop.

Thus, based upon the similarities in their opinions, it seems as though the ALJ based his

finding of Plaintiff's RFC on Dr. Bodnar's opinions, yet he never mentioned her RFC Assessment

in his decision.  Furthermore, it is unclear whether the ALJ considered the opinions of Dr. Hosey,

as his "Work Restriction Evaluation" is also not discussed in the ALJ's decision.  Thus, the Court

cannot definitively state that the ALJ's finding regarding Plaintiff's RFC is supported by

substantial evidence, because it is unclear what evidence he based his finding on, as there is no

mention of the opinions of Drs. Bodnar and Hosey.  *See Marable v. Barnhart*, Civ. No. 04-4899,

2006 WL 407551, at *3 (E.D.N.Y. Feb. 17, 2006) (where the Court remanded the matter because

there was not substantial evidence to support the conclusion that the plaintiff was capable of

performing sedentary work, a conclusion which was contrary to the opinions of his treating

physicians).  *See also Colegrove v. Commissioner of Soc. Sec.*, 399 F. Supp. 2d 185 (W.D.N.Y.

2005).  Additionally, as discussed above, with respect to Dr. Shuman, the ALJ erred in failing to

state what weight, if any, was given to Plaintiff's treating physician's opinions.

The Court also notes that the ALJ relied upon the opinions of Dr. Calabrese in assessing

Plaintiff's RFC.  (T. at 423.)  Dr. Calabrese conducted an orthopedic examination of Plaintiff on

June 18, 1996.  (T. at 378.)  However, Dr. Calabrese's notes do not address Plaintiff's ability to

perform the physical demands of work such as sitting, standing, walking, lifting, carrying,

pushing, pulling, or other physical functions (including manipulative or postural functions, such

as reaching, handling, stooping, or crouching).[7]  20 C.F.R. § 404.1545(b) (2005).  Whereas, the

forms completed by Drs. Bodnar and Hosey did contain such information.  Dr. Calabrese did

state that "[i]t is apparent that the patient is able to maintain a moderate amount of activity as she

reports being able to do the dishes, laundry, and cleaning."  (T. at 382.)  However it is unclear

how the ALJ could translate this statement into a finding that Plaintiff was capable of performing

work except for lifting more than twenty pounds occasionally or ten pounds frequently; bending

and stooping more than occasionally; working near unprotected heights; and performing any

work that does not allow her to alternate sitting and standing at three hour intervals.

Accordingly, remand is recommended.

**D.     The Commissioner Erred in Determining That the Plaintiff Could Return to Her Past Work**

Because the Court is recommending remand regarding Plaintiff's RFC, remand is also

recommended on this point.  As discussed above, the ALJ erred in failing to discuss all of the

factors set forth in 20 C.F.R. § 404.1527(d)(2) and failed to state what weight, if any, he gave to

---

[7]  The only reference to these functions is Plaintiff's own subjective complaints that "bending, lifting, standing or sitting too long, or staying in one spot too long" aggravates her symptoms.  (T. at 380.)

the opinions of Plaintiff's treating sources.  Once Plaintiff's RFC is reevaluated, the ALJ shall

then determine whether Plaintiff is capable of performing her past relevant work.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to

sentence four of 42 U.S.C. § 405(g),[8] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72, 6(a), 6(e).

Dated: May 11, 2006
      Syracuse, New York

               George H. Lowe
               United States Magistrate Judge

---

[8] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2005).